EN BANC
SALCINES, Judge.
C.T. appeals from an order of adjudication of delinquency and disposition for the offenses of first-degree misdemeanor battery and second-degree misdemeanor criminal mischief. We affirm without discussion the adjudication of delinquency and the disposition for the battery. We also affirm the six-month term of probation imposed for the second-degree misdemeanor criminal mischief but write to explain why we must recede from this court’s decision in S.F. v. State, 799 So.2d 330 (Fla. 2d DCA 2001).
In that case, this court reversed an order placing S.F. on community control for an indefinite period of time and explained: “The order placing S.F. on community control could not be for a period greater than sixty days, the maximum comparable adult sanction.” Id. at 330. In S.F. we relied, in part, on a decision of the First District which appeared to support such a conclusion. See J.P.C. v. State, 773 So.2d 112 (Fla. 1st DCA 2000). However, our reliance on J.P.C. was misplaced. The effective statutory provision governing the powers of disposition in delinquency proceedings, in both S.F. and the present case, allows for the imposition of a six-month term of supervision for a second-degree misdemeanor. See § 985.231(1)(a)(1)(a), Fla. Stat. (2000, 2003). Indeed, the version of the statute applicable to C.T. states:
If supervision or a program of community service is ordered by the court, the duration of such supervision or program must be consistent with any treatment and rehabilitation needs identified for the child and may not exceed the term for which sentence could be imposed if the child were committed for the offense, except that the duration of such supervision or program for an offense that is a misdemeanor of the second degree, or is equivalent to a misdemean- or of the second degree, may he for a period not to exceed 6 months.
§ 985.231(1)(a)(1)(a), Fla. Stat. (2003) (emphasis added).
Accordingly, to the extent that S.F., 799 So.2d 330, contravenes section 985.231(l)(a)(l)(a), we recede.
Affirmed.
ALTENBERND, C.J., and FULMER, WHATLEY, NORTHCUTT, CASANUEVA, STRINGER, DAVIS, SILBERMAN, KELLY, CANADY, VILLANTI, WALLACE, and LAROSE, JJ., Concur.